UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE LEWIS, | CIVIL NO. 3:25-CV-01177 |
| Plaintiff, | |
| | (LATELLA, M.J.) |
| v. | |
| USAA, | |
| Defendant. | |

## REPORT AND RECOMMENDATION

Plaintiff filed a pro se complaint in the above-captioned matter on June 27, 2025. (Doc. 1). The Clerk of Court issued a 30-day Administrative Order on July 9, 2025, directing Plaintiff that she must either pay the filing fee or fully complete an application to proceed *in forma pauperis* to proceed with her action. (Doc. 3). She failed to do so. On September 11, 2025, we issued an Order directing Plaintiff to pay the required filing fee or submit an application to proceed *in forma pauperis* on or before October 11, 2025, warning Plaintiff that failure to do so would result in this matter being dismissed without prejudice. (Doc. 4).

Plaintiff has neither paid the required filing fee nor has she submitted an application to proceed *in forma pauperis*.[1]

---

[1] On September 30, 2025, a letter was filed to the docket. (Doc. 5). The letter was purportedly authored by "H, Living on the Land, DC (South to Power, Georgia)." The letter is directed to "Joseph Pulcini, Jr. Esq.," and states:

> Pursuant to the phone call with H (author, as he was unable to open the most recent correspondence today), I am signing this letter delivered to me by adolph wright, who like H (referred to as Harry Hamilton later in life), I have known for over 50 years.
>
> This letter, to be taken as an affidavit, may be attached to any document concerning the referenced matter (matters) to convey or affirm:
>
> I, Diane Lewis, no longer seek to pursue the referenced matter and the same should be considered withdrawn.

(Doc. 5 at 1). That sentence is followed by a signature reading Diane Lewis. (*Id.*). The letter indicates that it is regarding "Diane Lewis v. USAA 3:25-cv-01177 (H Federal 14-6353)." The letter is then signed by "H for/on behalf of . . . Diane Lewis, widow of Thomas Lewis." (*Id.*). Attached to that document is a second letter directed to the Clerk of Court for the Middle District of Pennsylvania. (Doc. 5 at 3). The letterhead, again, references "H, Living on the Land." (*Id.*). The body of the letter indicates: Please see enclosed original signature in the event one is necessary for a joint withdrawal or dismissal as one seemed inevitable based upon my decision (and Diane's desires after discussion with and explanation from me) not to seek in forma pauperis or pay the filing fee."

2

Accordingly, it is **HEREBY RECOMMENDED** that this matter be dismissed without prejudice.

Dated**:** October 23, 2025         /s/ *Leo A. Latella*
                                    LEO A. LATELLA
                                    United States Magistrate Judge

---

(*Id*.).  This letter is also signed by "H for/on behalf of . . . Diane Lewis, widow of Thomas Lewis."  (*Id*.).  We took no action on this letter given that the identity of the author and his or her relationship to Plaintiff was unclear.

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE LEWIS, | CIVIL NO. 3:25-CV-01177 |
| Plaintiff, | |
| v. | (LATELLA, M.J.) |
| USAA, | |
| Defendant. | |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated October 23, 2025.

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo*

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: October 23, 2025**          /s/ Leo A. Latella_____
                                    **LEO A. LATELLA**
                                    **United States Magistrate Judge**