## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIANE LEWIS,** | : | **No. 3:25cv1177** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Latella)** |
| **USAA,** | : | |
| **Defendant** | : | |

## ORDER

Before the court is the Report and Recommendation ("R&R") of Magistrate Judge Leo A. Latella. (Doc. 6).[1]  The R&R notes that Plaintiff Diane Lewis failed to pay the filing fee or to properly complete an application to proceed *in forma pauperis* despite the Clerk of Court's 30-day administrative order directing her to do so.[2] (Id. at 1).  The R&R further indicates that, on September 11, 2025, Magistrate Judge Latella issued an order requiring Lewis to either pay the filing fee or submit a completed *in forma pauperis* application by October 10, 2025. (Id.)  According to the R&R, the September 11, 2025 order cautioned Lewis that her failure to comply would result in the dismissal of this matter without prejudice. (Id.; see Doc. 4).  As of October 23, 2025, the date the R&R was issued, Lewis

---

[1] Upon referral of this matter, Magistrate Judge Latella reviewed Plaintiff Diane Lewis's *pro se* filings and issued the R&R.

[2] Lewis's *pro se* complaint contains no assertion or indication that she is incarcerated. Lewis appears to assert a breach of contract claim against USAA arising out of an insurance policy.

had still neither paid the filing fee nor submitted an application to proceed *in forma pauperis.* (Doc. 6). The R&R thus recommends dismissing this matter without prejudice.[3] (Id. at 3). No objections to the R&R have been filed and the time for such filing has passed.

In deciding whether to adopt the report and recommendation when no timely objection is filed, the court must determine if a review of the record evidences plain error or manifest injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation"); see also 28 U.S.C. § 636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After careful review, the court finds neither clear error on the face of the record nor a manifest injustice in the magistrate judge's analysis and recommendations. Therefore, the court will accept the R&R and adopt it in its entirety.

---

[3] According to the R&R, a letter authored by "H, Living on the Land, DC (South to Power, Georgia)" was filed on September 30, 2025. (Doc. 6, at 2 n.1; see Doc. 5). The letter is directed to "Joseph Pulcini, Jr. Esq.," and states in relevant part: "I, Diane Lewis, no longer seek to pursue the referenced matter and the same should be considered withdrawn." (Doc. 5, at 1). That sentence is followed by a signature reading Diane Lewis. (Id.) The letter indicates that it concerns "Diane Lewis v. USAA 3:25-cv-01177 (H Federal 14-6353)." (Id.) Given the ambiguity surrounding the identity of the author and his or her relationship to Lewis, the magistrate judge appropriately declined to take any action on the letter.

It is thus hereby **ORDERED** as follows:

1) The R&R, (Doc. 6), is **ADOPTED** in its entirety;

2) Lewis's *pro se* complaint, (Doc. 1), is **DISMISSED** without prejudice to the plaintiff endeavoring to refile the complaint in the future should she so choose;

3) Lewis is advised that if she wishes to proceed before this court in the future, she must either pay the filing fee or submit a fully completed application to proceed *in forma pauperis*; and

4) The Clerk of Court is directed to **CLOSE** this case.

Date: 11/13/25

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court